2016 IL App (1st) 150040

SIXTH DIVISION
Opinion filed:  January 8, 2016

No. 1-15-0040

IN THE

APPELLATE COURT OF ILLINOIS

FIRST DISTRICT

| | | |
|---|---|---|
| GORDON RANDY STEIDL, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellant, | ) | Cook County |
| | ) | |
| v. | ) | No. 14 CH 6113 |
| | ) | |
| LISA MADIGAN, | ) | Honorable |
| | ) | Rita M. Novak, |
| Defendant-Appellee. | ) | Judge, Presiding. |

JUSTICE HOFFMAN delivered the judgment of the court, with opinion.
Presiding Justice Rochford and Justice Delort concurred in the judgment and opinion.

**OPINION**

¶ 1    The plaintiff, Gordon Randy Steidl, appeals from an order of the circuit court of Cook County dismissing his complaint for *mandamus* against Lisa Madigan, the Attorney General of Illinois (Attorney General).   For the reasons which follow, we affirm.

¶ 2    The facts necessary to a resolution of this appeal are taken from the allegations contained in the plaintiff's complaint and from judicial decisions of which we take judicial notice.   The plaintiff was convicted for the 1986 murders of Dyke and Karen Rhoads in Paris, Illinois, and received a death sentence.   *People v. Steidl*, 142 Ill. 2d 204, 218 (1991).   His sentence was later reduced to life imprisonment.   On June 17, 2003, the United States District Court for the

Central District of Illinois (District Court) granted the plaintiff's *habeas corpus* petition, vacated his convictions and ordered that he be retried within 120 days or be released. *Steidl v. Walls*, 267 F. Supp. 2d 919, 941 (C.D. Ill. 2003). The State elected not to appeal that order, and the plaintiff was released from prison.

¶ 3 Following his release, the plaintiff filed a civil rights action in the District Court against a number of individuals and entities involved in his prosecution, including Michael McFatridge, the elected State's Attorney of Edgar County, Illinois, who prosecuted the plaintiff. The plaintiff asserted claims against McFatridge under 42 U.S.C. § 1983 for false imprisonment, wrongful conviction, and violations of his right to due process. In addition, the plaintiff asserted Illinois common law claims against McFatridge for false imprisonment, malicious prosecution, intentional infliction of emotional distress, and conspiracy.

¶ 4 In June 2005, McFatridge made a demand pursuant to section 2 of the State Employee Indemnification Act (Act) (5 ILCS 350/2 (West 2004)) upon the Attorney General for representation in the civil rights action. *McFatridge v. Madigan*, 2013 IL 113676, ¶ 6. By letter dated July 6, 2005, the Attorney General declined the request, stating that the claims pending against McFatridge contain allegations of acts and omissions of intentional, willful and wanton misconduct. *Id.*, ¶ 7.

¶ 5 On March 27, 2013, the District Court entered a "Consent Judgment" against McFatridge and other defendants in the civil rights action. The Consent Judgment contained findings that, at all times relevant, McFatridge had acted within the scope of his employment and that his actions or inactions were intended to serve and benefit the interests of the State of Illinois. Judgment in the sum of $2 million plus interest was entered in favor of the plaintiff and against McFatridge. According to the Consent Judgment, Edgar County and its insurers agreed to pay the plaintiff $375,000 in partial satisfaction of the judgment entered against McFatridge. It also

states that McFatridge had assigned his claim for indemnification from the State of Illinois for the remaining portion of the judgment against him in the amount of "$1,650,000.00 [*sic*]" together with post-judgment interest to the plaintiff in exchange for the plaintiff's covenant not to execute on any portion of the judgment against McFatridge and his personal assets.

¶ 6    On April 24, 2013, the plaintiff, as assignee of McFatridge, made a formal demand on the State of Illinois and the Attorney General pursuant to section 2 of the Act (5 ILCS 350/2 (West 2012)) for full payment of the outstanding $1.65 million judgment against McFatridge together with post-judgment interest.   On May 24, 2013, the Attorney General rejected the plaintiff's demand, asserting that McFatridge had no right to indemnification as: the acts and omissions upon which the judgment against him was based were intentional, willful or wanton; no court or jury has found that his acts or omissions were not intentional, willful or wanton; and the Attorney General had not approved the settlement between the plaintiff and McFatridge.

¶ 7    On April 9, 2014, the plaintiff filed the instant action for *mandamus*, seeking an order directing the Attorney General to certify for payment from the State Treasury the unpaid portion of the judgment against McFatridge plus post-judgment interest.   As her responsive pleading, the Attorney General filed a combined motion to dismiss under section 2-619.1 of the Code of Civil Procedure (Code) (735 ILCS 5/2-619.1 (West 2014)).   The Attorney General sought dismissal under section 2-615 of the Code (735 ILCS 5/2-619.1 (West 2014)), alleging that the plaintiff's complaint failed to state a cause of action for *mandamus*; and under section 2-619(a)(4) of the Code (735 ILCS 5/2-619(a)(4) (West 2014)), alleging that the action is barred by another judgment.   On December 4, 2014, the circuit court entered a memorandum decision and order in which it denied the Attorney General's motion to dismiss on section 2-619(a)(4) grounds and granted the motion to dismiss on section 2-615 grounds, finding that the plaintiff

failed to state a claim for *mandamus*, as McFatridge had no indemnification rights under the Act to assign to the plaintiff. This appeal followed.

¶ 8 As this case comes to us on appeal from a dismissal pursuant to section 2-615 of the Code, our review is *de novo*. *King v. First Capital Financial Services Corp.*, 215 Ill. 2d 1, 12 (2005). The issue presented is whether the allegations contained in the plaintiff's complaint, taken as true and construed in the light most favorable to the plaintiff, are sufficient to state a cause of action upon which relief may be granted. *Id*. at 11-12. An action should not be dismissed pursuant to section 2-615 of the Code unless the court is prepared to find that no set of facts can be proven which would entitle the plaintiff to the relief which he seeks. *Marshall v. Burger King Corp.*, 222 Ill. 2d 422, 429 (2006).

¶ 9 This appeal calls upon us to determine whether the facts alleged in the plaintiff's complaint entitle him to a writ of *mandamus*. That is, whether the allegations in the complaint show a clear right of recovery on the part of the plaintiff and a clear, non-discretionary duty on the part of the Attorney General. *McFatridge*, 2013 IL 113676, ¶ 16.

¶ 10 "*Mandamus* is an extraordinary remedy used to compel a public officer to perform nondiscretionary official business." *People ex rel. Senko v. Meersman,* 2012 IL 114163*,* ¶ 9. "In order to obtain a *mandamus* remedy, the plaintiff must establish a clear right to the requested relief, a clear duty of the public officer to act, and clear authority of the public officer to comply with the order." *McFatridge*, 2013 IL 113676, ¶ 17. "A writ of *mandamus* is appropriate when used to compel compliance with mandatory legal standards but not when the act in question involves the exercise of a public officer's discretion." *Id.*

¶ 11 As noted earlier, the plaintiff, as assignee of McFatridge, filed the instant action, seeking an order directing the Attorney General to certify for payment from the State Treasury the unpaid portion of his judgment against McFatridge plus post-judgment interest. The

plaintiff alleged that his right to *mandamus* is based upon the provisions of section 2 the Act. We are required, therefore, to construe section 2 of the Act.

¶ 12     In construing a statute, our primary objective is to ascertain and give effect to the intent of the legislature.   *People v. Howard*, 233 Ill. 2d 213, 218 (2009).   The most reliable indicator of the legislature's intent is the language of the statute itself which must be given its plain and ordinary meaning.   *Id.*

¶ 13     Section 2(e)(ii) of the Act provides as follows:

> "Upon entry of a final judgment against the employee, or upon the settlement of the claim, the employee shall cause to be served a copy of such judgment or settlement, personally or by certified or registered mail within thirty days of the date of the entry or settlement, upon the chief administrative officer of the department, office or agency in which he is employed.   If not inconsistent with the provisions of this Section, such judgment or settlement shall be certified for payment by such chief administrative officer and by the Attorney General. The judgment or settlement shall be paid from the State Treasury on the warrant of the Comptroller out of appropriations made to the Department of Central Management Services specifically designed for payment of claims covered by this Section."   5 ILCS 350/2(e)(ii) (West 2012).

¶ 14     The plaintiff alleged in his complaint that, on April 24, 2013, a date within 30 days of the entry of the Consent Judgment, he made a formal demand on the State of Illinois and the Attorney General, for full payment of the outstanding judgment against McFatridge plus post-judgment interest.   Assuming for the sake of analysis, but not deciding, that the demand made by the plaintiff on April 24, 2013, satisfied the requirements of section 2(e)(ii) of the Act, the issue remains whether the Attorney General was obligated to certify the judgment for

payment. As the above quoted portion of the Act clearly provides, the Attorney General's obligation to certify a judgement or settlement against a State employee for payment is contingent upon the judgment or settlement not being inconsistent with the provisions of section 2 of the Act.

¶ 15    Section 2(a) of the Act provides, in relevant part, that, "[i]n the event that any civil proceeding is commenced against any State employee arising out of any act or omission occurring within the scope of the employee's State employment, the Attorney General shall, upon timely and appropriate notice to him [or her] by such employee, appear on behalf of such employee and defend the action."   5 ILCS 350/2(a) (West 2004).   Section 2(b) states that, if the Attorney General determines that the acts or omissions which gave rise to the claim against the State employee were not within the scope of the employee's State employment *or* constitute intentional, willful or wanton misconduct, the Attorney General shall decline to appear or defend, in which case the State employee may employ his own attorney to appear and defend the action.   5 ILCS 350/2(b) (West 2004).   In this case, McFatridge made a demand upon the Attorney General for representation in the plaintiff's civil rights action against him, and the Attorney General declined on the grounds that the acts or omissions which gave rise to the plaintiff's claim involved allegations of intentional, willful or wanton misconduct.   *McFatridge*, 2013 IL 113676, ¶¶ 6, 7.   As a consequence, McFatridge was represented in the action by private counsel.   See *Steidl v. City of Paris*, 2013 WL 3864353 (C.D. Ill. July 23, 2013).

¶ 16    As the plaintiff admits in his brief, McFatridge agreed to the entry of the Consent Judgment against him.   By its very nature, the Consent Judgment entered against McFatridge in the plaintiff's civil rights action was the product of the parties' settlement of the matter; a fact recognized by the District Court judge who entered the Consent Judgment.   See *id*.   Section 2(d) of the Act provides that "[w]here the employee is represented by private counsel, any

settlement must be so approved by the Attorney General and the court having jurisdiction, which shall obligate the State to indemnify the employee." 5 ILCS 350/2(d) (West 2012).

¶ 17    Although the Consent Judgment was entered by the District Court and provides that the court found the terms of the judgment against McFatridge were just, reasonable and determined in good faith, the plaintiff fails to allege in his complaint that the terms of the Consent Judgment were approved by the Attorney General.   Absent the Attorney General's approval of the Consent Judgment and the settlement upon which it was based, the State is under no obligation to indemnify McFatridge.   Stated otherwise, indemnification in the absence of the Attorney General's approval of the settlement or Consent Judgment would be inconsistent with the provisions of section 2(d) of the Act, and the Attorney General was, therefore, under no obligation to certify the judgment for payment.

¶ 18    Based upon the foregoing analysis, we conclude that the plaintiff's complaint failed to allege a clear, non-discretionary duty on the part of the Attorney General to certify the Consent Judgment against McFatridge for payment and, as such, failed to state a cause of action for *mandamus*.   We, therefore, affirm the judgment of the circuit court, dismissing the action.

¶ 19    Affirmed.