**NOTICE:** This order was filed under Supreme Court Rule 23 and may not be cited as precedent by any party except in the limited circumstances allowed under Rule 23(e)(1).

2019 IL App (3d) 180310-U

Order filed October 22, 2019

_____

IN THE

APPELLATE COURT OF ILLINOIS

THIRD DISTRICT

2019

| | | |
|---|---|---|
| KEITH L. WILLIAMS, | ) | Appeal from the Circuit Court |
| | ) | of the 9th Judicial Circuit, |
| | ) | Knox County, Illinois. |
| Plaintiff-Appellant, | ) | |
| | ) | Appeal No. 3-18-0310 |
| | ) | Circuit No. 18-MR-70 |
| | ) | |
| v. | ) | The Honorable |
| | ) | Scott Shipplett, |
| | ) | Judge, presiding. |
| | ) | |
| DEBBIE KNAUER, | ) | |
| | ) | |
| Defendant-Appellee. | ) | |

_____

JUSTICE CARTER delivered the judgment of the court.
Justice Wright concurred in the judgment.
Justice O'Brien dissented.

_____

**ORDER**

¶ 1    *Held*: In an appeal in a mandamus action, the appellate court found that the trial court properly *sua sponte* dismissed the plaintiff's mandamus complaint because the complaint failed to state a cause for action for mandamus relief. The appellate court, therefore, affirmed the trial court's judgment.

¶ 2    Plaintiff, Keith L. Williams, an inmate in the Department of Corrections (DOC), filed a petition for writ of mandamus (complaint) in the trial court seeking to compel defendant, Debbie Knauer, a member of the DOC Administrative Review Board (Board), to review the merits of defendant's grievance appeal.[1] The trial court *sua sponte* denied Williams's complaint for mandamus relief. Williams appeals. We affirm the trial court's judgment.

¶ 3                                    I. FACTS

¶ 4    Williams was an inmate in the Department of Corrections at the Hill Correctional Center (HCC). In October 2017, Williams was allegedly involved in an incident at the HCC with Correctional Officer McCune. As a result of that incident, Williams received certain disciplinary sanctions. In November 2017, Williams filed a grievance, contesting McCune's version of events and the disciplinary sanctions Williams received. Upon review, the grievance officer at HCC denied Williams's grievance. On January 29, 2018, the Chief Administrative Officer of HCC filed a written concurrence as to the denial. On February 22, 2018, Williams acknowledged receipt of the denial and also of his appeal rights. The appeal rights notice that Williams was given indicated that an appeal to the Board had to be "submitted" within 30 days after the Chief Administrative Officer's decision on the grievance. On that same date, February 22, 2018, Williams signed a payment authorization for postage, presumably to mail his appeal to the Board. The payment authorization was approved by the Chief Administrative Officer of HCC on February 26, 2018.

---

[1] It would appear that the petition in this case is more properly referred to as a complaint for mandamus relief. See 735 ILCS 5/2-1501 (West 2016) (abolishing writs); 735 ILCS 5/14-102 (West 2016) (referring to the filing of a complaint for mandamus); *Turner-El v. West*, 349 Ill. App. 3d 475, 477 (2004); *People ex rel. Braver v. Washington*, 311 Ill. App. 3d 179, 181 n.1 (1999).

¶ 5        On March 29, 2018, the Board received Williams's grievance appeal. At that point, it had been more than 30 days since the HCC Chief Administrative Officer had ruled upon Williams's grievance. The grievance appeal was initially reviewed by defendant Knauer, a member of the Board. Because the appeal was untimely when it was received by the Board, Knauer declined to take any further action on the grievance appeal and did not review the merits. Williams was later notified of the Board's decision.

¶ 6        In May 2018, Williams filed the instant *pro se* mandamus complaint in the trial court seeking to have the trial court order Knauer to review the merits of his grievance appeal. Williams also filed in the trial court a written proof of service for his mandamus complaint (not for the underlying grievance appeal). The proof of service stated, in pertinent part, as follows:

> "PLEASE TAKE NOTICE that on May 7, 2018, I placed the attached or enclosed documents in the institutional mail at Hill C.C. properly addressed to the parties listed above [the specific mailing addresses were listed above] for mailing through the United States [P]ostal [S]ervice at Hill C.C. [the post office box address for Hill Correctional Center was listed][.]"

As supporting exhibits, Williams attached to the mandamus complaint copies of the postage payment authorization, the applicable regulation, the Board's response to his grievance, the HCC grievance officer's report with the concurring decision of the HCC Chief Administrative Officer, the written grievance that Williams had filed, the HCC disciplinary report, and the final summary report of the DOC adjustment committee.

¶ 7        There is no indication in the record that a summons was issued to, or served upon, Knauer in the trial court relating to the filing of the mandamus complaint or that Knauer filed an answer or any type of response to the mandamus complaint. A few days after the mandamus

complaint was filed, the trial court *sua sponte* denied the complaint without prejudice. In its decision, the trial court indicated essentially that the mandamus complaint failed to state that Knauer had a nondiscretionary duty to review the merits of a late-filed grievance appeal. The trial court gave Williams 30 days to file an amended complaint to correct the deficiency. Williams did not file an amended complaint and, instead, filed the instant appeal.

¶ 8                                     II. ANALYSIS

¶ 9        On appeal, Williams argues that the trial court erred in *sua sponte* dismissing his complaint for mandamus relief.[2] Williams acknowledges that a trial court may *sua sponte* dismiss a mandamus complaint when the complaint is frivolous or patently without merit or fails to state a cause of action for mandamus relief (see, *e.g.*, *Mason v. Snyder*, 332 Ill. App. 3d 834, 842 (2002); *Owens v. Snyder*, 349 Ill. App. 3d 35, 45 (2004)) but asserts that such a rule does not apply here because his complaint was not frivolous, had merit, and was sufficient to state a cause of action for mandamus relief. In support of that assertion, Williams contends that had the trial court reviewed the complaint and the attached exhibits, rather than *sua sponte* dismissing the complaint, the trial court would have realized that Williams's underlying grievance appeal was timely filed pursuant to the mailbox rule and that the Board was obligated to consider the merits of the grievance appeal. For all of the reasons stated, Williams asks that we reverse the trial court's judgment and that we remand this case for further proceedings.

¶ 10       Knauer was not served in the trial court and does not appear in this appeal. However, because the record before us is simple and the claimed error is such that this court can easily decide it without the aid of an appellee's brief, we will decide this case on the merits. See *First*

---

[2] Williams treats the trial court's *sua sponte* denial of the mandamus complaint as a *sua sponte* dismissal. We agree that the denial in this case was akin to a dismissal and will refer to it as such throughout the remainder of this order.

4

*Capitol Mortgage Corp. v. Talandis Construction Corp.*, 63 Ill. 2d 128, 133 (1976) (indicating, among other things, that if the record is simple and the claimed errors are such that the reviewing court can easily decide them without the aid of an appellee's brief, the reviewing court should decide the merits of the appeal).

¶ 11     In this particular case, we are faced with the question of whether the trial court complied with the statutory mandamus procedure when it summarily dismissed Williams's complaint for mandamus relief. Such a determination is a question of law that is subject to *de novo* review on appeal. See *Woods v. Cole*, 181 Ill. 2d 512, 516 (1998); *People v. Shellstrom*, 345 Ill. App. 3d 175, 176 (2003) (stating that whether the trial court complied with the applicable statutory procedure is a question of law that the appellate court reviews *de novo*), *aff'd on other grounds*, 216 Ill. 2d 45, 47 (2005); *People v. Spivey*, 377 Ill. App. 3d 146, 148 (2007) (same).

¶ 12     Mandamus relief is an extraordinary remedy that is used to compel a public officer or body to perform a nondiscretionary (mandatory) official duty. *McFatridge v. Madigan*, 2013 IL 113676, ¶ 17. In order to obtain mandamus relief, the plaintiff must establish the following three elements: (1) that the plaintiff has a clear right to the relief requested; (2) that the public officer has a clear duty to act; and (3) that the public officer has clear authority to comply with an order granting mandamus relief. *Id.* As the elements indicate, mandamus may not be used to compel a public officer to perform an act that involves the exercise of the public officer's discretion. See *id.* Despite the extraordinary nature of mandamus relief, mandamus proceedings are governed by the same pleading rules that apply to other actions. See *Noyola v. Board of Education of the City of Chicago*, 179 Ill. 2d 121, 133 (1997).

¶ 13     The instant case involved the filing of a grievance appeal with the Board by a DOC inmate. Section 504.850(a) of the Illinois Administrative Code (20 Ill. Adm. Code. 504.850(a)

(2017)) requires that such an appeal must be "received" by the Board within 30 days after the date of the Chief Administrative Officer's decision on the grievance. It is undisputed in this case that Williams's grievance appeal was not "received" by the Board within the 30-day deadline. Williams asserts, however, that his grievance appeal was timely filed with the Board pursuant to the mailbox rule.

¶ 14 The mailbox rule provides that pleadings are considered timely filed on the date they are placed in the prison mail system by an incarcerated inmate. *People v. Liner*, 2015 IL App (3d) 140167, ¶ 13. For a *pro se* inmate to rely on the date of mailing as the filing date, however, the inmate must provide proof of mailing by filing a proof of service that complies with the requirements of Illinois Supreme Court Rule 12 (eff. Jul. 1, 2017). *Id.* Subsection (b)(6) of Rule 12 specifically addresses the service of *pro se* documents by a correctional facility inmate and requires that the inmate file a certification as provided for in section 1-109 of the Code of Civil Procedure (Code) (735 ILCS 5/1-109 (West 2016)) of the person who deposited the document in the institutional mail, stating the time and place of deposit and the complete address to which the document was to be delivered. See Ill. S. Ct. R. 12(b)(6) (eff. Jul. 1, 2017); *Walker v. Monreal*, 2017 IL App (3d) 150055, ¶ 17.

¶ 15 In the present case, even if we assume for argument's sake that the mailbox rule could possibly apply in the context of the underlying matter (the filing of an administrative appeal where the applicable regulation specifically required that the appeal be "received" within a 30 day-time period), we would still have to conclude that it could not be applied here because Williams failed to present appropriate proof of mailing as necessary for the mailbox rule to apply. See Ill. S. Ct. R. 12(b)(6) (eff. Jul. 1, 2017); 735 ILCS 5/1-109 (West 2016); *Liner*, 2015 IL App (3d) 140167, ¶ 13; *Walker*, 2017 IL App (3d) 150055, ¶ 17. Although Williams alleged

6

in his mandamus complaint that he had placed his grievance appeal in the institutional mail system prior to the expiration of the 30-day period, he did not attach a section 1-109 certification for the grievance appeal as a supporting exhibit. Nor did he attach to the mandamus complaint a postmark for the grievance appeal as a possible alternative means of establishing the date of mailing. See *Walker*, 2017 IL App (3d) 150055, ¶ 21 (recognizing that a postmark was sufficient to establish the date of mailing for the purpose of the mailbox rule in the context of a notice of appeal filed in the trial court by a correctional inmate). Without the benefit of the mailbox rule, the mandamus complaint and the supporting exhibits that Williams filed in the trial court in this case established only that Williams had filed a late grievance appeal with the Board. As the trial court correctly pointed out, however, the Board had no duty to review the merits of Williams's untimely grievance appeal and could not be compelled to do so through a mandamus procedure. See 20 Ill. Adm. Code. 504.850(a) (2017); *McFatridge*, 2013 IL 113676, ¶ 17. Thus, Williams did not establish a cause of action for mandamus relief, and his mandamus complaint was properly dismissed by the trial court *sua sponte*. See *Mason*, 332 Ill. App. 3d at 842; *Owens*, 349 Ill. App. 3d at 45. In reaching that conclusion, we note that the trial court gave Williams 30 days to file an amended complaint to correct the deficiency, but Williams either failed or chose not to do so. Williams obviously knew how to prepare a proper proof service, since he filed one in the trial court for his mandamus complaint.

¶ 16                                    III. CONCLUSION

¶ 17          For the foregoing reasons, we affirm the judgment of the circuit court of Knox County.

¶ 18          Affirmed.

¶ 19          JUSTICE O'BRIEN, dissenting:

¶ 20    I dissent from the majority because I feel the documentation provided by Williams satisfies the mailbox rule as set out in *Walker*, 2017 IL App (3d) 150055, ¶¶ 17-21. The attachments to Williams's petition indicate that Williams received the grievance officer's report (signed by the Chief Administrative Officer on January 29, 2018) on February 22, 2018. On that same date, Williams signed and dated the "Offender's Appeal To The Director." Williams also authorized payment for postage on February 22, 2018, and the correctional institution acknowledges that the postage was paid on February 26, 2018. Once Williams handed the items to a correctional institution official for mailing, all aspects regarding timeliness are out of his control. Here, Williams demonstrated that his items were delivered to the facility along with the payment for proper postage well in advance of the 30-day deadline for appealing the administrative decision. For that reason, I would find that Williams has made a sufficient showing that the appeal was timely filed and would reverse the decision of the trial court and remand the matter for further proceedings.