NOTICE

Decision filed 08/04/21. The text of this decision may be changed or corrected prior to the filing of a Petition for Rehearing or the disposition of the same.

2021 IL App (5th) 200162-U

NO. 5-20-0162

IN THE

NOTICE

This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

APPELLATE COURT OF ILLINOIS

FIFTH DISTRICT

_____

| | | |
|---|---|---|
| JARED M. SMITH, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellant, | ) | Johnson County. |
| | ) | |
| v. | ) | No. 20-MR-16 |
| | ) | |
| ROB JEFFREYS, as Acting Director of the | ) | |
| Department of Corrections; JOHN BALDWIN, | ) | |
| Director of Department of Corrections (2010-2012); | ) | |
| JOHN DOE, as Chief Administrative Officer of the | ) | |
| Department of Corrections (2010-2012); and | ) | |
| JOHN DOE, as Records Office Supervisor of the | ) | |
| Department of Corrections, | ) | Honorable |
| | ) | James R. Williamson, |
| Defendants-Appellees. | ) | Judge, presiding. |

_____

JUSTICE BARBERIS delivered the judgment of the court.
Justices Wharton and Vaughan concurred in the judgment.

**ORDER**

¶ 1    *Held*:  The trial court properly dismissed the plaintiff's complaint for *mandamus*.

¶ 2    The plaintiff, Jared M. Smith, appeals *pro se* the dismissal of his complaint for *mandamus* relief wherein he alleged that the Illinois Department of Corrections incorrectly added 15 years onto his sentence. The judgment of the circuit court is affirmed.

1

¶ 3                                    BACKGROUND

¶ 4     On June 20, 2010, plaintiff was sentenced to 12 years of incarceration for unlawful use or possession of a weapon by a felon (720 ILCS 5/24-1.1(a) (West 2010)) and 27 years of incarceration for armed robbery (*id.* § 18-2(a)(2)), with his sentences to run concurrently.

¶ 5     On February 11, 2020, plaintiff filed a motion for leave to file a *mandamus* petition along with a complaint for *mandamus* relief against the defendants (herein, Department). Plaintiff argued that his 27-year sentence for armed robbery included a 15-year firearm enhancement and that the Department's addition of this enhancement to his sentence was improper because the statute on which that enhancement was based had been declared unconstitutional by the Illinois Supreme Court. He further argued that the Department had failed to provide him with the factual information it had relied on in adding the 15-year enhancement, in violation of section 3-5-1 of the Unified Code of Corrections (730 ILCS 5/3-5-1 (West 2010)). Attached to plaintiff's complaint was a copy of his judgment of conviction, which shows that for count I, armed robbery with a firearm, plaintiff was sentenced to "12 years on CT 1 with 15 years added by statute for a total of 27 years and 12 years on CT II." Plaintiff sought to compel the Department to "1) To provide the factual information it relied upon when it gave him an extra 15 years. 2) Fix the wrong that was wrought as a result of enforcing an unenforceable, inoppe[r]able amendment to the armed robbery statute. 3) Cause plaintiff's immediate release."

¶ 6     The Department filed a motion to dismiss and memorandum of law under section 2-615 of the Code of Civil Procedure (735 ILCS 5/2-615 (West 2018)). The Department

argued that the copy of plaintiff's judgment of conviction attached to his petition demonstrated that the 15-year enhancement was part of his judicially imposed sentence, and that *mandamus* cannot be used to review orders or judgments of a court for error. The court granted the Department's motion to dismiss, finding that plaintiff had failed to state a cause of action for *mandamus* relief against the Department because plaintiff's sentence, including the 15-year enhancement, had been imposed by the court. Plaintiff's motion for reconsideration was denied and this timely appeal followed.

¶ 7                                          ANALYSIS

¶ 8      On appeal, plaintiff argues that the trial court erred in dismissing his *mandamus* complaint wherein he alleged that the Department improperly added 15 years to his sentence. We do not agree.

¶ 9      We begin by noting our standard of review. "The grant of a motion to dismiss for a failure to state a cause of action filed pursuant to section 2-615 or a motion for an involuntary dismissal based on defects or defenses in the pleadings pursuant to section 2-619 of the Code of Civil Procedure (735 ILCS 5/2-615, 2-619 (West 2004)) is subject to *de novo* review." *Rodriguez v. Illinois Prisoner Review Board*, 376 Ill. App. 3d 429, 433 (2007) (citing *White v. DaimlerChrysler Corp.*, 368 Ill. App. 3d 278, 282 (2006)). "Where the dismissal was proper as a matter of law, we may affirm the circuit court's decision on any basis appearing in the record." *Id.* (citing *MKL Pre-Press Electronics/MKL Computer Media Supplies, Inc. v. La Crosse Litho Supply, LLC*, 361 Ill. App. 3d 872, 877 (2005)).

¶ 10     "*Mandamus* is an extraordinary civil remedy that will be granted to enforce, as a matter of right, the performance of official nondiscretionary duties by a public officer." *Id.*

3

(citing *Lee v. Findley*, 359 Ill. App. 3d 1130, 1133 (2005)). "*Mandamus* will issue only where the plaintiff has fulfilled his burden (see *Mason v. Snyder*, 332 Ill. App. 3d 834, 840 (2002)) to set forth *every* material fact needed to demonstrate that (1) he has a clear right to the relief requested, (2) there is a clear duty on the part of the defendant to act, and (3) clear authority exists in the defendant to comply with an order granting *mandamus* relief." (Emphasis in original.) *Id.* at 433-34 (citing *Baldacchino v. Thompson*, 289 Ill. App. 3d 104, 109 (1997)). "Because Illinois is a fact-pleading jurisdiction, a plaintiff is required to set forth a legally recognized claim and plead facts in support of each element that bring the claim within the cause of action alleged." *Id.* at 434 (citing *Beahringer v. Page*, 204 Ill. 2d 363, 369 (2003)). "To survive a motion to dismiss ***, a complaint must be both legally and factually sufficient." *Id.* "A writ of *mandamus* is appropriate when used to compel compliance with mandatory legal standards but not when the act in question involves the exercise of a public officer's discretion." *McFatridge v. Madigan*, 2013 IL 113676, ¶ 17.

¶ 11 The gist of plaintiff's argument is that the Department improperly added the 15-year enhancement to his sentence. Plaintiff's own *mandamus* complaint refutes this claim. As noted above, the copy of plaintiff's judgment of conviction entered by the circuit court of Vermilion County and attached to his complaint for *mandamus* demonstrates that it was the court, not the Department, which included the 15-year enhancement in plaintiff's 27-year sentence for armed robbery, and the Department has no authority to modify his sentence. Further, the plaintiff has not shown a clear right to modification of his sentence nor that the Department would be completing a ministerial, nondiscretionary task. This *mandamus* complaint was properly dismissed.

4

¶ 12                             CONCLUSION

¶ 13    For the foregoing reasons, the judgment of the circuit court of Johnson County is

affirmed.


¶ 14    Affirmed.