NOTICE

Decision filed 10/15/21. The text of this decision may be changed or corrected prior to the filing of a Petition for Rehearing or the disposition of the same.

2021 IL App (5th) 190493-U

NO. 5-19-0493

IN THE

APPELLATE COURT OF ILLINOIS

FIFTH DISTRICT

NOTICE

This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

_____

| | | |
|---|---|---|
| MICKEY BALL, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellant, | ) | Christian County. |
| | ) | |
| v. | ) | No. 19-MR-58 |
| | ) | |
| DANIEL CLARK, Warden, and | ) | |
| THE PRISONER REVIEW BOARD, | ) | Honorable |
| | ) | Bradley T. Paisley, |
| Defendants-Appellees. | ) | Judge, presiding. |

_____

JUSTICE WHARTON delivered the judgment of the court.
Justices Welch and Barberis concurred in the judgment.

**ORDER**

¶ 1     *Held*:  The plaintiff's appeal is dismissed as being moot.

¶ 2     The plaintiff, Mickey Ball, appeals *pro se* the dismissal of his complaint for

*mandamus* relief wherein he sought to compel defendants to release him from prison and

terminate his term of mandatory supervised release (MSR) or to obtain housing for him in

accordance with his sex offender status so he could complete his MSR. We dismiss the

appeal as moot.

1

¶ 3                                   BACKGROUND

¶ 4    In 2010, plaintiff was convicted of criminal sexual assault, a Class 1 felony, and sentenced to six years in prison "at 85%" and two years of MSR. His MSR term was subsequently changed to three years to life. At the conclusion of his prison sentence, the plaintiff's family submitted multiple proposed host sites for him to serve his MSR. Because sex offenders are limited in where they can reside, all were denied. As a result, the plaintiff was incarcerated for over 10 years. In April 2019, the plaintiff filed a *mandamus* complaint seeking to compel the warden to (1) terminate his MSR term or (2) find him a suitable host site and release him from prison to MSR.

¶ 5    In October 2019, the defendants moved to dismiss the plaintiff's action for failure to state a claim pursuant to section 2-615 of the Code of Civil Procedure (735 ILCS 5/2-615 (West 2018)). The defendants argued that plaintiff had no statutory or regulatory right to be provided a host site for his MSR or to be released from prison without one, and that the Department of Corrections had no duty to obtain placement for him or release him without one. The court agreed and dismissed the plaintiff's complaint. The plaintiff appeals.

¶ 6                                    ANALYSIS

¶ 7    "*Mandamus* is an extraordinary civil remedy that will be granted to enforce, as a matter of right, the performance of official nondiscretionary duties by a public officer." *Rodriguez v. Illinois Prisoner Review Board*, 376 Ill. App. 3d 429, 433 (2007) (citing *Lee v. Findley*, 359 Ill. App. 3d 1130, 1133 (2005)). "*Mandamus* will issue only where the plaintiff has fulfilled his burden (see *Mason v. Snyder*, 332 Ill. App. 3d 834, 840 ***

2

(2002)) to set forth *every* material fact needed to demonstrate that (1) he has a clear right to the relief requested, (2) there is a clear duty on the part of the defendant to act, and (3) clear authority exists in the defendant to comply with an order granting *mandamus* relief." (Emphasis in original.) *Id.* at 433-34 (citing *Baldacchino v. Thompson*, 289 Ill. App. 3d 104, 109 (1997)). "Because Illinois is a fact-pleading jurisdiction, a plaintiff is required to set forth a legally recognized claim and plead facts in support of each element that bring the claim within the cause of action alleged." *Id.* at 434 (citing *Beahringer v. Page*, 204 Ill. 2d 363, 369 (2003)). "To survive a motion to dismiss ***, a complaint must be both legally and factually sufficient." *Id.* "A writ of *mandamus* is appropriate when used to compel compliance with mandatory legal standards but not when the act in question involves the exercise of a public officer's discretion." *McFatridge v. Madigan*, 2013 IL 113676, ¶ 17.

¶ 8    An appeal is moot where it presents no actual controversy or where the issues involved in the trial court no longer exist because intervening events have rendered it impossible for the reviewing court to grant effectual relief to the complaining party. *In re James W.*, 2014 IL 114483, ¶ 19. Generally, Illinois courts will not decide moot questions unless the issue falls within one of the three recognized exceptions to the mootness doctrine: (1) the public-interest exception, (2) the capable-of-repetition-yet-avoiding-review exception, and (3) the collateral-consequences exception. *In re Alfred H.H.*, 233 Ill. 2d 345, 355-62 (2009).

¶ 9    According to the Department of Corrections' inmate search web site, the plaintiff was released for his MSR on August 26, 2020,[1] and it is well settled that this court cannot reduce an MSR term (*People v. Whitfield*, 217 Ill. 2d 177, 201 (2005)). Consequently, it is no longer possible for this court to grant effectual relief, and we conclude that none of the exceptions to the doctrine of mootness apply.

¶ 10                              CONCLUSION

¶ 11    Because the plaintiff has been released on MSR, this appeal is moot and must be dismissed.

¶ 12    Appeal dismissed.

---

[1]https://www2.illinois.gov/idoc/Offender/Pages/InmateSearch.aspx (last visited Sept. 14, 2021), of which we may take judicial notice (*Cordrey v. Prisoner Review Board*, 2014 IL 117155, ¶ 12).